IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT JEFFREY MELNICK, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 14-3207 |
| TEMPLE BETH EL, | |
| Defendant. | |

### MEMORANDUM

**SCHMEHL, J.**    /s/ JLS                                                                                January 28, 2015

On June 3, 2014, Plaintiff Scott Jeffrey Melnick filed a *pro se* complaint against Defendant Temple Beth El, followed by additional documents on July 24, 2014, and October 22, 2014, that both appear to be amended versions of the complaint.[1] To the extent Plaintiff required leave to file the amendments under Federal Rule of Civil Procedure 15(a), it is granted, and the Court considers all three documents. As discussed below, that consideration warrants dismissal of this action with prejudice.

The Court has a duty to consider subject matter jurisdiction *sua sponte* at all stages of litigation. *Yellowbird Bus Co. v. Lexington Ins. Co.*, 450 F. App'x 213, 216 (3d Cir. 2011). All versions of the complaint in this matter appear to indicate that both Plaintiff and Defendant are citizens of Pennsylvania, so there is no diversity jurisdiction. *See* 28 U.S.C.A. § 1332. The original complaint alleges federal question jurisdiction on the basis of "Embezzlement, Theft of Service, Conspiracy[, and] Grand Theft," while the

---

[1] The record in this matter does not indicate that any of these documents have been properly served on Defendant, which could provide an independent basis for dismissal. Given the other bases for dismissal discussed in this opinion, however, the Court will not go through the process of notifying Plaintiff of the intent to dismiss for lack of service.

latest version asserts, "This court has jurisdiction, as the agreements made were completed by person to person confrontation." The Court perceives no federal question in either of these formulations.

"A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The *DeGrazia* court further described the plaintiff's claims as warranting dismissal because "they rel[ied] on fantastic scenarios lacking any arguable factual basis." *Id.* With the most generous reading, Plaintiff Melnick's complaint and its amended variations appear to describe some agreement between Plaintiff and others (not even clearly the defendant institution) under which Plaintiff would provide "made to order strategic designs" for winning "jackpot style power-ball format lotteries," and the others would actually play the lotteries and remit a share of the proceeds to Plaintiff. Though little is clear about the allegations, their fantastical nature is made clearer by Plaintiff's reference to "further performance akin the on-design 'psychic inquiry' prodigy." These frivolous and fantastical allegations also make clearer the lack of a basis for this Court to exercise jurisdiction.

Dismissal is also appropriate based on noncompliance with Federal Rule of Civil Procedure 8, which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations to be "simple, concise, and direct." *See also Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). All

versions of the complaint in this matter contain numerous instances of nonsensical phrasing and references to people and events whose relation to the claim the Court can only surmise (e.g., "About their stronghold in discretion Mr. Robert Space was to mention along with the supposed winning combination to be had.").

Further, it is appropriate that dismissal on these various bases be with prejudice. The apparent crux of the complaint is an unbelievable and meritless claim of a contract to profit from Plaintiff's psychic abilities, with no conceivable jurisdictional link; no amendment can cure that deficiency. In this particular case, Plaintiff has already repeatedly amended the complaint, and the nature of his amendments confirms that any further attempts would be futile.